Texas & New Orleans Railway Company v. W. L. Bingle.

Delivered May 13, 1897.

**1.  Master and Servant—Promise to Repair Defective Machinery.**

A servant does not, by continuing in his employment after a promise by the master to repair a defect in the machinery, assume the additional risk arising from a want of repair, so long as he has reasonable ground to expect that the promise will be fulfilled, and the danger is not so great that a person of ordinary prudence would not have continued in the service after such promise.

**2.  Charge of Court—Requested Charge Necessary.**

Where the charge is defective merely in not more fully and definitely stating the law, the appellant should have sought to cure the defect by requesting a correct charge from the court, and having failed to do so, he will not be heard to complain of the charge in this respect upon appeal.

Appeal from Liberty.    Tried below before Hon. L. B. Hightower.

*Baker, Botts, Baker & Lovett* and *S. R. Perryman,* for appellant.— Where an employe remains in the service after the discovery of defective machinery or appliances connected with the service, affecting his safety and rendering his employment more than ordinarily dangerous, he must inform the employer, or otherwise he assumes the risk of increased danger, and if the employer promises to repair in a reasonable time, the servant will not be held to have waived the defect or to have assumed the risk until a reasonable time has elapsed after the promise, but after such time has elapsed he assumes the risk.    Railway v. Donnelly, 70 Texas, 371; Stephenson v. Duncan, 13 Wis., 404; 14 Am. and Eng. Encyc. of Law, 856, note 3, and cases there cited.

*Wheeler & Rhodes,* for appellee.—If the servant, by the promise, is at first justified in remaining in the service, and does not in so doing take upon himself responsibility of the danger incurred, how can it be said that he makes it his own when he continues to work with the defective appliance at the time he receives the hurt?    Such a doctrine will entirely destroy the force of the promise as an assumption of responsibility by the master, and force the servant to stop working with imperfect appliance, notwithstanding such promise, until the repair had been made. Railway v. Bingle, 9 Texas Civ. App., 322.

PLEASANTS, Associate Justice.—This is the second appeal in this case; the case and the result of the former appeal is published in 9 Texas Civil Appeals, 322.    After careful inspection of the record, we are of the opinion that the judgment upon this appeal must be affirmed.    As will be seen from the report of the former appeal, the judgment was reversed because of defect in the charge.    The appellee was injured while attempting to board an engine while in motion, and the negligence charged against the appellant was the absence of a step from the engine, which had been previously attached thereto, and which was needful to the train-

men in mounting the engine and dismounting therefrom in the performance of their duties. The absence of the step was known to appellee, but the petition averred that plaintiff reported the defect in the engine to the defendant, and the latter had promised to remedy the same; and the court charged the jury that, if they believed from the evidence that the defendant was guilty of negligence in not supplying the missing step, the plaintiff might recover. This was error, this court held, inasmuch as the plaintiff, under the allegations of his petition, could not recover without proof of a promise by the defendant to replace the step, when appellee reported its absence from the engine. Upon the last trial the charge of the court was in conformity to the law as announced in the opinion of this court.

The first assignment of error submitted by appellant is: "The court erred in overruling defendant's motion in arrest of judgment." We are of the opinion that the petition is good on general demurrer, and that the motion in arrest of judgment was properly overruled.

The appellant's fourth and fifth assignments assail the following paragraphs of the court's charge to the jury:

"4. It is admitted by the plaintiff that he knew of the defect, that is the want of a step to the engine, and unless you find from the evidence that the defendant company, after having had notice of such defect, promised to repair the same, then let your verdict be for the defendant company. If you find from the evidence that the defendant company did promise to repair the defect, and relying upon such promise, the plaintiff continued in the defendant's service, yet you further find that a reasonable time had elapsed after the promise to repair, if any, to the time of the accident, then you will find for the defendant company.

"5. If you find from the evidence, that the defendant company knew of the want of the step to the engine, and promised to have the same replaced or repaired, and through negligence failed to do so, and the plaintiff upon such promise relied and continued in the service of the defendant company, and the danger was not so great that a person of ordinary prudence would not have continued in such service, after such promise, if any, and you further find that no more than a reasonable time had elapsed from the time of such promise to repair, if any, to the time of the injury to plaintiff, and that such negligence, if any, was the proximate cause of the accident, then the verdict should be for the plaintiff, unless he was guilty of contributory negligence as hereinafter defined."

It can not be said that either of these paragraphs is positively erroneous; and if either of them be defective in not more fully and definitely stating the law, the appellant should have sought to cure the defect by requesting a correct charge from the court; and having failed to do so, it can not complain of the charge in this court in any of the particulars embraced in the propositions submitted under these two assignments.

We are of the opinion that neither the twelfth, thirteenth, fourteenth, fifteenth, or sixteenth assignment of error should be sustained. It is sufficient in reply to the several causes presented under these assignments

why judgment should not have been rendered against appellant, and why a new trial should have been granted, to say that, while the evidence is conflicting, as to whether the defect in the engine was ever reported to appellant, or whether there was a promise made by it to repair the alleged defect, yet there was ample evidence to sustain the affirmative upon each of these issues, and that the question, whether or not the appellee was injured within a reasonable time after the promise to repair had been made, was properly submitted to the jury, as well as the question of contributory negligence vel non, and that the finding of the jury upon neither of these issues is so far against the weight of the evidence as to authorize us to disturb the verdict. Because the jury may have properly found under the evidence that the appellee was guilty of contributory negligence in attempting to mount the engine while in motion, is not a sufficient cause for this court to reverse the judgment. If the engineer De Blanc was, as contended by the appellee, the vice-principal of the appellant, we can discover no reversible error in the judgment.. On this issue it is conceded by appellant that the engineer who did the switching during the day in appellant's yard was charged with the duty of reporting to the company any defects in the engine, and De Blanc, to whom the appellee and his witness testify the loss of the step was reported several times previous to appellee's injuries, and who, they say, *promised that the step would be replaced in a short time,* was unquestionably the engineer who did the switching during the day. Upon this evidence we are not prepared to say that De Blanc was not the representative of the appellant, so far as to make *his promise that the step should be replaced* the promise of the appellant.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.